UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED HOME HEALTH, INC., a California corporation, | |
| Plaintiff, | No. CIV. S-10-3160 KJM GGH |
| v. | |
| STELLAR HEALTH SYSTEMS, INC., a Nevada corporation; et al., | |
| Defendants. | |
| STELLAR HEALTH SYSTEMS, INC., et al., | No. CIV S-11-0666 KJM GGH |
| Plaintiffs, | |
| v. | <u>STATUS (PRETRIAL SCHEDULING)</u> |
| ADVANCED HOME HEALTH, INC., a California corporation, et al., | <u>ORDER</u> |
| Defendants. | |

An initial scheduling conference was held in this case on October 19, 2011. Todd Friedland and Wesley Ehlers appeared for Advanced Home Health; Donald Green appeared for Stellar Health Systems and Nestor Lim. Having reviewed the parties' Joint Status Report filed on September 21, 2011, and discussed a schedule for the case with counsel at the hearing, the court makes the following orders:

I. SERVICE OF PROCESS

All named defendants have been served and no further service is permitted without leave of court, good cause having been shown.

II. ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

Stellar Health Systems[1] will have filed an amended complaint in Case No. Civ S-11-666 KJM GGH by **October 24, 2011**; Advanced Health stipulates to the filing of the amended complaint.

No further joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown. *See* FED. R. CIV. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

III. JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. §1332. Jurisdiction and venue are no longer disputed.

IV. DISCOVERY

The parties have made some initial disclosures as required by Federal Rule of Civil Procedure 26(a) already; these disclosures shall have been completed by **October 24, 2011.** All discovery shall be completed by **April 16, 2012.** In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court.

V. DISCLOSURE OF EXPERT WITNESSES

All counsel are to designate in writing, file with the court, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than **March 12, 2012**. The designation shall be accompanied by a written report prepared and signed by the witness. The report shall comply with Fed. R. Civ. P. 26(a)(2)(B).

---

[1] The court's reference to Stellar Health Systems encompasses Lim.

By **April 2, 2012**, any party who previously disclosed expert witnesses may submit a supplemental list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party, if the party supplementing an expert witness designation has not previously retained an expert to testify on that subject.  The supplemental designation shall be accompanied by a written report which shall also comply with the conditions as stated above.

Failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial.  An expert witness not appearing on the designation will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity for the witness could not have been reasonably anticipated at the time the list was proffered; (b) that the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly made available for deposition.

For purposes of this scheduling order, an "expert" is any person who may be used at trial to present evidence under Rules 702, 703, and 705 of the Federal Rules of Evidence, which include both "percipient experts" (persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case) and "retained experts" (persons specifically designated by a party to be a testifying expert for the purposes of litigation).  Each party shall identify whether a disclosed expert is percipient, retained, or both.  It will be assumed that a party designating a retained expert has acquired the express permission of the witness to be so listed.  Parties designating percipient experts must state in the designation who is responsible for arranging the deposition of such persons.

All experts designated are to be fully prepared at the time of designation to render an informed opinion, and give their bases for their opinion, so that they will be able to give full and complete testimony at any deposition taken by the opposing party.  Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.  All expert discovery shall be completed by **May 7, 2012.**

VI. MOTION HEARING SCHEDULE

All dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be heard <u>no later than</u> **May 16, 2012**. The parties may obtain available hearing dates by calling Casey Schultz, the Courtroom Deputy, at (916) 930-4193.

All purely legal issues are to be resolved by timely pretrial motions. Local Rule 230 governs the calendaring and procedures of civil motions with the following additions:

    (a) The opposition and reply must be filed by 4:00 p.m. on the day due; and

    (b) When the last day for filing an opposition brief falls on a legal holiday, the opposition brief shall be filed on the last court day immediately preceding the legal holiday.

Failure to comply with Local Rule 230(c), as modified by this order, may be deemed consent to the motion and the court may dispose of the motion summarily. *Brydges v. Lewis*, 18 F.3d 651, 652-53 (9th Cir. 1994).

The court places a page limit of twenty (20) pages on all moving papers, twenty (20) pages on oppositions, and ten (10) pages for replies. All requests for page limit increases must be made through the courtroom deputy clerk at least fourteen (14) days prior to the filing of the motion.

The parties are reminded that a motion *in limine* is a pretrial procedural device designed to address the admissibility of evidence. The court will look with disfavor upon dispositional motions presented at the Final Pretrial Conference or at trial in the guise of motions *in limine*.

<u>The parties are cautioned that failure to raise a dispositive legal issue that could have been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue.</u>

VII. FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for **June 27, 2012**, at 11:00 a.m. In addition, the court will hear motions in limine concerning disputed evidentiary issues at the final pretrial conference on **June 27, 2012.** Motions in limine are due **June 6, 2012**; oppositions are due **June**

**13, 2012**; with optional replies due **June 20, 2012.** At least one of the attorneys who will conduct the trial for each of the parties shall attend the Final Pretrial Conference. If by reason of illness or other unavoidable circumstance a trial attorney is unable to attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the case and equal authorization to make commitments on behalf of the client.

Counsel for all parties are to be fully prepared for trial at the time of the Final Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. The parties shall confer and file a joint pretrial conference statement by **June 20, 2012**. The provisions of Local Rule 281 shall apply with respect to the matters to be included in the joint pretrial statement. In addition to those subjects listed in Local Rule 281(b), the parties are to provide the court with a plain, concise statement that identifies every non-discovery motion tendered to the court and its resolution.

Failure to comply with Local Rule 281, as modified by this order, may be grounds for sanctions.

<u>Concurrently with the filing of the Joint Final Pretrial Conference Statement, counsel shall submit to chambers the word processing version of the statement, in its entirety (including the witness and exhibit lists) to</u>: kjmorders@caed.uscourts.gov.

The parties shall, in a concise manner, jointly identify only undisputed core facts separately that are relevant to each claim. Disputed core facts should then be identified in the same manner. The parties are reminded not to identify every fact in dispute but only those disputed facts that are essential to the formulation of each claim. Each disputed fact and undisputed fact should be separately numbered or lettered. Where the parties are unable to agree what are the core disputed facts, they should nevertheless list core disputed facts in the above manner.

Each party shall identify the points of law which concisely describe the legal issues of the trial which will be discussed in the parties' respective trial briefs. Points of law should reflect issues derived from the core undisputed and disputed facts. Parties shall not include argument or authorities with any point of law.

The parties shall prepare a joint statement of the case in plain concise language which will be read to the jury at the beginning of the trial. The purpose of the joint statement is to inform the jury what the case is about.

The parties are reminded that pursuant to Local Rule 281 they are required to attach to the Final Pretrial Conference Statement an exhibit listing witnesses and exhibits they propose to offer at trial. After the name of each witness, each party shall provide a brief statement of the nature of the testimony to be proffered. The parties may file a joint list or each party may file separate lists. These list(s) shall not be contained in the body of the Final Pretrial Conference Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order.

Plaintiff's exhibits shall be listed numerically. Defendant's exhibits shall be listed alphabetically. The parties shall use the standard exhibit stickers provided by the court: pink for plaintiff and blue for defendant. In the event that the alphabet is exhausted, the exhibits shall be marked "AA-ZZ". However, if the amount of defendant exhibits exceeds "ZZ" exhibits shall be then listed as A-3, A-4, A-5 etc. All multi page exhibits shall be stapled or otherwise fastened together and each page within the exhibit shall be numbered. The list of exhibits shall not include excerpts of depositions, which may be used to impeach witnesses. In the event that plaintiff(s) and defendant(s) offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is <u>first identified</u>. The court cautions the parties to pay attention to this detail so that all concerned, including the jury, will not be confused by one exhibit being identified with both a number and a letter. The parties are encouraged to consult concerning exhibits and, to the extent possible, provide joint exhibits, which shall be designated as JX and listed numerically, e.g., JX-1, JX-2.

The Final Pretrial Order will contain a stringent standard for the offering at trial of witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned that the standard will be strictly applied. On the other hand, the listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse of the court's processes.

/////

1  Counsel shall produce all trial exhibits to Casey Schultz, the Courtroom Deputy, no later
2  than 3:00 p.m. on the Friday before trial.
3  Discovery documents to be listed in the pretrial statement shall not include documents
4  which will be used only for impeachment and in rebuttal.
5  The parties also are reminded that pursuant to Rule 16 of the Federal Rules of Civil
6  Procedure it will be their duty at the Final Pretrial Conference to aid the court in: (a) the
7  formulation and simplification of issues and the elimination of frivolous claims or defenses; (b)
8  the settling of facts that should properly be admitted; and (c) the avoidance of unnecessary proof
9  and cumulative evidence.  Counsel must cooperatively prepare the joint Final Pretrial
10 Conference Statement and participate in good faith at the Final Pretrial Conference with these
11 aims in mind.[2]  A failure to do so may result in the imposition of sanctions which may include
12 monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other
13 sanctions as the court deems appropriate.
14 VIII.   TRIAL SETTING
15 The trial is set for **July 9, 2012** at 9:00 a.m.  The parties estimate a trial length of
16 approximately five to seven days.  Trial briefs are due by **June 25, 2011**.
17 IX.   SETTLEMENT CONFERENCE
18 No settlement conference is currently scheduled.  The parties will be pursuing private
19 mediation in December, but are aware of the court's programs for settlement.  A settlement
20 conference may be set at the time of the Final Pretrial Conference or at an earlier time at the
21 parties' request.  In the event that an earlier settlement conference date or referral to the
22 Voluntary Dispute Resolution Program (VDRP) is requested, the parties shall file said request
23 jointly, in writing.  Because the case will be tried to a jury, all parties should be prepared to
24 advise the court whether they will stipulate to the trial judge acting as settlement judge and
25 waive disqualification by virtue thereof.

---

[2] "If the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law," the court may summarily dispose of the case or claims. *Portsmouth Square v. Shareholders Protective Comm.*, 770 F.2d 866, 868-69 (9th Cir. 1985).

1    Counsel are instructed to have a principal with full settlement authority present at the
2 Settlement Conference or to be fully authorized to settle the matter on any terms.  At least seven
3 (7) calendar days before the Settlement Conference, counsel for each party shall submit to the
4 chambers of the settlement judge a confidential Settlement Conference Statement.  Such
5 statements are neither to be filed with the Clerk nor served on opposing counsel.  Each party,
6 however, shall serve notice on all other parties that the statement has been submitted.  If the
7 settlement judge is not the trial judge, the Settlement Conference Statement shall not be
8 disclosed to the trial judge.

9 X.    MODIFICATION OF STATUS (PRETRIAL SCHEDULING) ORDER

10    The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil
11 Procedure, the Status (Pretrial Scheduling) Order shall not be modified except by leave of court
12 upon a showing of good cause.  Agreement by the parties pursuant to stipulation alone does not
13 constitute good cause.  Except in extraordinary circumstances, unavailability of witnesses or
14 counsel does not constitute good cause.

15 XI.   OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER

16    This Status Order will become final without further order of the court unless objections
17 are filed within fourteen (14) *calendar* days of service of this Order.

18    IT IS SO ORDERED.

19 DATED:  October 31, 2011.

UNITED STATES DISTRICT JUDGE